## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NATASHA WHITTINGTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. CIV-16-14-JHP-SPS** |
| | ) |
| **NANCY A. BERRYHILL,**[1] | ) |
| **Acting Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

The claimant Natasha Whittington requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such

---

[1] On January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

severity that [s]he is not only unable to do h[er] previous work but cannot, considering

h[er] age, education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security

regulations implement a five-step sequential process to evaluate a disability claim. *See* 20

C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision

to two inquiries: whether the decision was supported by substantial evidence and whether

correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th

Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.*

*NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th

Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on February 13, 1982, and was thirty-two years old at the time of the most recent administrative hearing (Tr. 120). She completed twelfth grade and some college, and has worked as a black jack dealer, convenience store cashier, CNA, office manager, and tax preparer (Tr. 92, 345). The claimant alleges that she has been unable to work since July 12, 2011, due to PTSD, anxiety, OCD, depression, goiter, bad back, diabetes, heart murmur, underactive thyroid, and high blood pressure (Tr. 344).

## Procedural History

On January 1, 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-05, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on January 3, 2012. Her applications were denied. ALJ Trace Baldwin conducted two administrative hearings wherein the claimant did not have a representative. Accordingly, on June 26, 2014, ALJ Baldwin held a supplemental administrative hearing then found that the claimant was not disabled in a written opinion dated August 28, 2014 (Tr. 79-94). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, she could lift/carry twenty pounds occasionally and ten pounds frequently, stand/walk and sit for six hours each in an eight-hour workday, except that she needed the option to sit/stand at the workstation without a loss of productivity. Additionally, the ALJ determined that she could only occasionally push/pull (including hand and foot controls), climb ramps and stairs, stoop, kneel, and crouch; could never crawl or climb ladders, ropes, or scaffolding; but she could frequently balance and she had no manipulative, visual, or communicative limitations. Furthermore, he stated that she must not work at unprotected heights, around dangerous moving equipment or machinery, or on uneven or unstable work surfaces. Finally, he found that she could understand, remember, comprehend, and carry out simple work-related instructions and tasks, work with supervisors and co-workers on a superficial work basis, and could adapt to routine changes in the working environment but could not work with the general public (Tr. 86). The ALJ thus concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work that she could perform, *i. e.*, the light jobs of sewing machine operator and price marker, as well as the sedentary jobs of addresser, jewelry charger, and hand polisher (Tr. 93).

## Review

The claimant contends that the ALJ erred by: (i) failing to specify a frequency in relation to the sit/stand limitation in her RFC, and (ii) usurping the vocational expert's role. The undersigned Magistrate judge agrees with the claimant's first contention, and the Commissioner's decision should be reversed.

The ALJ determined that the claimant had the severe impairments of affective disorder including major depressive disorder, dysthymic disorder, and bipolar disorder; anxiety disorder including PTSD and OCD; a personality disorder; meth abuse, in alleged remission; hypertension; diabetes; and obesity (Tr. 82). At the most recent administrative hearing, the ALJ called on vocational expert ("VE") Margaret Kelsay to testify as to the claimant's past relevant work and ability to perform other work (Tr. 137-141). The ALJ asked the VE to describe the claimant's past relevant work, which the VE classified as: (i) black jack dealer, (ii) convenient store cashier, (iii) CNA, (iv) office manager, and (v) tax preparer (Tr. 137). He then proposed a hypothetical where the VE was to assume, given the claimant's age, education, and vocational history, a person could:

> occasionally lift and carry 20[;] frequently lift and carry 10. Stand/walk six/eight, sit six/eight. Must have the option to sit/stand at the work station *without a loss of productivity* and must be able to do this occasionally throughout the work day. Occasionally push/pull including the operation of hand and foot controls. Occasionally climb ramps and stairs. Never climb ladders, ropes, or scaffolding. Frequently balance, occasionally stoop, kneel, crouch, never crawl. No manipulative or visual communicative limitations. Must not work at unprotected heights, around dangerous moving equipment or machinery or on uneven or unstable work surfaces. The individual could understand, remember, comprehend, and carry out simple work related instructions and tasks. They could work with supervisors and coworkers on a superficial work basis. They cannot work

with the public but they could adapt to routine changes in the working environment.

(Tr. 138) (emphasis added). Following that hypothetical, the VE stated that such a person could perform the work of a textile sewing machine operator, noting that it is characterized as a light job because of foot pedal use but was done seated, as well as the jobs of price marker. Ms. Kelsay noted that the price marker job was "done seated about 50 percent of the time because the shelves are stocked and when the bottom shelves are being stocked the worker sits typically" (Tr. 139). When the ALJ reduced the RFC to sedentary, the VE noted that the "sit/stand option would be as much as five minutes every 30 if the work activity continued. It would not be 50 percent" (Tr. 140). She then proceeded to identify the jobs of envelope addressor, jewelry charger or solderer, and grinding and hand polishing (Tr. 140).

In his written opinion, the ALJ summarized much of the claimant's testimony, as well as the medical evidence in the record. He ultimately determined that the claimant could perform light work that allowed her to, *inter alia*, alternate sitting and standing without a loss of productivity (Tr. 86). He thus concluded that the claimant was not disabled. In making his findings that there was work she could perform, the ALJ noted that the VE testified using her experiences in describing the sit/stand option, and found her testimony was a reasonable explanation for any discrepancy with the Dictionary of Occupational Titles (DOT), noting that all other testimony by the VE was "credible, persuasive, and consistent with the [DOT]" (Tr. 93).

Residual functional capacity is defined by the Social Security Regulations as what a claimant is capable of doing despite her mental and physical limitations. *Davidson v. Secretary of Health & Human Services*, 912 F.2d 1246, 1253 (10th Cir. 1990). RFC categories have been established based on the physical demands of various kinds of work in the national economy. 20 C.F.R. § 404.1567. RFC is a medical assessment based primarily on medical findings such as symptoms, signs, and laboratory results. Additionally, medical and non-medical sources also must be considered in determining the RFC. 20 C.F.R. § 404.1545(a). When the ALJ is assessing the RFC, he "must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (*i. e.*, 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

In this case, the ALJ found that any work the claimant could perform must allow her to alternate sitting and standing without a loss of productivity, but he did not specifically discuss a frequency in relation to this limitations. The claimant argues this was error, and the undersigned Magistrate Judge agrees. Under Soc. Sec. R. 96-9p, "[a]n individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. . . . The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." 1996 WL 374185, at *7 (July 2, 1996). Although Soc. Sec. R. 96-9p applies in the case of *sedentary work*, not *light work*, *see Vititoe v. Colvin*, 549 Fed. Appx. 723, 731 (10th Cir. 2013) ("But SSR 96-

7

9p applies in cases where the claimant is limited to less than the full range of *sedentary work* and the disability determination is not directed by the Grids. Here the ALJ found that Mr. Vititoe retains the capacity to perform less than the full range of *light work*, so SSR 96-9p is not applicable.") [emphasis in original], those guidelines are nonetheless applicable in this case because "[p]recisely how long a claimant can sit without a change in position is also relevant to assumptions whether [s]he can perform light work." *Vail v. Barnhart*, 84 Fed. Appx. 1, 4 (10th Cir. 2003), *citing* 20 C.F.R. § 404.1567(b). This is consistent with Soc. Sec. Rul. 83-12, which states:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.) [M]ost jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a [VE] should be consulted to clarify the implications for the occupational base.

(Program Policy Statement -103) 1983 WL 31253, at *4.

Here, the ALJ did not specify a frequency for alternately sitting and standing, but simply stated that she could do so without a loss of productivity. Despite the Commissioner's arguments to the contrary, courts in the Tenth Circuit have held that this regulation regarding sedentary work also has application for light work, and the ALJ

8

*should have* been more specific in his RFC assessment. *See Vail*, 84 Fed. Appx. at 4; *See also Newton v. Colvin*, 2013 WL 6169298, at \*3 n.3 (W.D. Okla. Nov. 21, 2013) ("Because the question of how often a claimant can sit without changing positions is equally important when light work is involved, *see* 20 C.F.R. § 404.1567(b), courts have frequently relied on SSR 96-9p when assessing opinions that a claimant cannot perform a full range of light work."), *citing Vail*, 84 F. Appx. at 4-5 *and Verstraete v. Astrue*, 2013 WL 238193, at \*3-5 (D. Kan. Jan. 22, 2013). Neither did the ALJ specify the frequency of the sit/stand option when he proffered his hypotheticals to the VE. Furthermore, even if the Court could find that the sit/stand option included in the claimant's RFC was intended by the ALJ to be at will, it is unclear whether the VE understood this to be what the ALJ intended, and thus likewise unclear whether the claimant can perform the jobs found by the ALJ given the need to sit or stand at will throughout the workday.

Because substantial evidence supports the ALJ's decision as outlined above, the undersigned Magistrate Judge RECOMMENDS that the decision of the Commissioner be AFFIRMED.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to

this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P.

72(b).

      **DATED** this 9th day of March, 2017.

      _____

      **STEVEN P. SHREDER**
      **UNITED STATES MAGISTRATE JUDGE**